UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CASTRO and JOYCE CASTRO,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>COLGATE-PALMOLIVE COMPANY, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | **No. 19-CV-**<br><br>**NOTICE OF REMOVAL** |

TO:　　THE JUDGES FOR THE UNITED STATES DISTRICT
　　　　<u>COURT FOR THE WESTERN DISTRICT OF NEW YORK</u>:

　　　　PLEASE TAKE NOTICE that Defendants Johnson & Johnson, Johnson & Johnson Health and Wellness Solutions, Inc., and Johnson & Johnson Consumer Inc. (f/k/a Johnson & Johnson Consumer Companies, Inc.) (collectively "Removing Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by and through their undersigned counsel, hereby remove the action entitled *Castro, et al. v. Colgate-Palmolive Co., et al.*, filed in the Supreme Court of the State of New York, County of Erie, Index No. 802577/2019, to the United States District Court for the Western District of New York.[1]  As required by 28 U.S.C. § 1446(a), Removing Defendants set forth below a short and plain statement of the grounds for removal:

## INTRODUCTION

　　　　1.　　Plaintiffs John Castro and Joyce Castro commenced this action on or about February 28, 2019 by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Erie.  Copies of all pleadings, processes, and orders in the state court are attached hereto as **Exhibit A**.

---

[1] By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or responsive pleadings available under state or federal law.  Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, or *forum non conveniens*, or any other applicable grounds.

2. In their Summons and Complaint, Plaintiffs seek money damages for personal injuries arising from Plaintiff John Castro's alleged exposure to asbestos and/or asbestos-containing products. (*See* Ex. A, Complaint, ¶¶ 2, 43-133.) Removing Defendants deny Plaintiffs' allegations.

3. On information and belief, defendants Colgate-Palmolive Co. ("Colgate"); CVS Pharmacy, Inc. ("CVS"); Cyprus Amax Minerals Co. ("Cyprus Amax"); Giant Food Stores, LLC, ("Giant Food Stores," incorrectly named in the Complaint as "Giant, LLC"[2]); Revlon Holdings, Inc. ("Revlon"), Rio Tinto LTD.; Rio Tinto America, Inc.; Rio Tinto Minerals Inc.; and Whittaker, Clark & Daniels Inc. ("WCD") have not yet been properly joined or served in this action, and therefore need not consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## GROUNDS FOR REMOVAL

4. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties who have been properly joined and served, and on information and belief the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES PROPERLY JOINED AND SERVED IN THIS ACTION

5. Upon information and belief, at the time Plaintiffs commenced this civil action, and at all times since, Plaintiffs were and are residents and citizens of the State of Virginia. (*See* Ex. A, Complaint, ¶1.)

6. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Johnson & Johnson was and is a corporation organized and existing under the laws of

---

[2] In their pleadings, Plaintiffs identify the address for "Giant, LLC" as 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013, which, upon information and belief, is the address for Giant Food Stores, LLC's corporate office. On information and belief "Giant, LLC" is not a legal entity.

the State of New Jersey, with its principal place of business located in the State of New Jersey, and therefore is a citizen of the State of New Jersey for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).

7. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Johnson & Johnson Health and Wellness Solutions, Inc. was and is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located in the State of Michigan, and therefore is a citizen of the State of Michigan for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).

8. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Johnson & Johnson Consumer Inc. was and is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located in the State of New Jersey, and therefore is a citizen of the State of New Jersey for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).

9. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Colgate was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, and therefore is a citizen of the States of Delaware or New York for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon a review of the state court's docket, Colgate has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

10. At the time Plaintiffs commenced this civil action, and at all times since, Defendant CVS was and is, on information and belief, a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in the State of Rhode

Island, and therefore is a citizen of the State of Rhode Island for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon a review of the state court's docket, CVS has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

11. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Cyprus Amax was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arizona, and therefore is a citizen of the States of Delaware or Arizona for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon a review of the state court's docket, Cyprus Amax has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

12. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Giant Food Stores was and is, on information and belief, a limited liability corporation organized and existing under the laws of the State of Delaware with its principle place of business in Pennsylvania.  A limited liability company's citizenship is determined by the citizenship of its members.  *See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd. Pshp.*, 213 F.3d 48, 51 (2d Cir. 2000); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104, 105 n.16 (3rd Cir. 2015) ("[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of . . . members there may be to determine the citizenship of the LLC"); *see also Americold Realty Trust v ConAgra Foods, Inc.*, 136 S Ct 1012, 1015 (2016) (reiterating the "oft-repeated rule that diversity jurisdiction in a suit by or against [general partnerships] depends on the citizenship of all its members.") (internal citations and quotations

omitted). Where the sole member of an LLC is a corporation, the LLC's citizenship is determined by the corporation's state of incorporation and its principal place of business. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 349 (3d Cir. 2013); *cf. Bayerische Landesbank*, 692 F.3d at 49. Upon information and belief, the sole member of Giant Food Stores is another limited liability company whose sole member is Ahold, U.S.A., Inc., a Maryland corporation with a principle place of business in Massachusetts. Ahold USA, Inc. is therefore a citizen of Maryland and Massachusetts for the purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1). As the sole member of Giant Food Stores is a limited liability company whose sole member is a citizen of Maryland and Massachusetts, Giant Food Stores is also a citizen of Maryland and Massachusetts for the purposes of determining diversity. *See Bayerische Landesbank*, 692 F.3d at 49; *Handelsman*, 213 F.3d at 51. Upon information and belief, and based upon a review of the state court's docket, Giant Food Stores has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

13.     Plaintiffs have named "Revlon Holdings, Inc." as a defendant in this action, both individually and as successor to Revlon Inc. and Revlon Consumer Products Corporation, and have listed the New York Secretary of State and the corporate offices in New York of Revlon Inc. and Revlon Consumer Products Corporation as Revlon Holding's address. Upon information and belief, there is no active business entity called "Revlon Holdings, Inc." in the State of New York per the corporate entity database maintained by the New York Department of State.[3] At the time Plaintiffs commenced this civil action, and at all times since, Revlon Inc. and Revlon Consumer Products Corporation were and are, on information and belief, corporations organized and existing under the laws of the State of Delaware, with its principal place of business in the State

---

[3] The New York Department of State lists only a Revlon Holdings Inc., a Delaware corporation, DOS ID # 1112412, whose status is inactive/terminated as of February 9, 2004.

of New York, and therefore are citizens of the States of Delaware or New York for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Upon information and belief, and based upon a review of the state court's docket, Revlon has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

14. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Rio Tinto Limited was and is, upon information and belief, an Australian public company with its principal place of business in Australia, and therefore is a citizen of Australia for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1); *see also* 26 C.F.R. § 301.7701-2(b)(8) (defining public limited companies in Australia as corporations for tax purposes). Upon information and belief, and based upon a review of the state court's docket, Rio Tinto Limited has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

15. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Rio Tinto America, Inc. was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Utah, and therefore is a citizen of the States of Delaware or Utah for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Upon information and belief, and based upon a review of the state court's docket, Rio Tinto America, Inc. has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

16. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Rio Tinto Minerals Inc. was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Colorado, and therefore is a citizen of the States of Delaware or Colorado for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Upon information and belief, and based upon a

review of the state court's docket, Rio Tinto America, Inc. has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

17. At the time Plaintiffs commenced this civil action, and at all times since, Defendant WCD was and is, on information and belief, a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in the State of Connecticut, and therefore is a citizen of the States of New Jersey or Connecticut for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon a review of the state court's docket, WCD has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

18. Accordingly, this action involves "citizens of different States."  28 U.S.C. § 1332(a).  Plaintiffs are, on information and belief, citizens of the State of Virginia, and because no defendant properly joined and served in this action is a citizen of the States of Virginia or New York, removal of this action is proper under 28 U.S.C. § 1441(b)(2).

## II.  THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

19. The amount-in-controversy requirement is satisfied in this case because it is clear from the face of Plaintiffs' Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

20. A removing defendant need only show "a '*reasonable probability*' that the claim is in excess of the statutory jurisdictional amount" of $75,000.  *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (emphasis added).

21. In determining the amount in controversy, a district court should first review the plaintiff's allegations.  *Samuels v. Elrac, Inc.*, No. CV-06-5345 (NG) (JO), 2006 U.S. Dist. LEXIS 72641, at *3 (E.D.N.Y. Oct. 5, 2006) (*citing Davenport v. Procter & Gamble Mfg. Co.*,

241 F.2d 511, 514 (2d Cir. 1957)).  Here, Plaintiffs seek monetary damages for personal injuries caused by asbestos.  (*See* Ex. A, Complaint, ¶50.)  Such injuries are sufficient to create a "reasonable probability" that the amount in controversy exceeds $75,000.  *See, e.g.*, *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y 2008) (finding "reasonable probability" standard met where plaintiff did not specify amount of damages but alleged serious injury).

### III.   ADDITIONAL PROCEDURAL REQUIREMENTS

22. In addition to satisfying the requirements of diversity jurisdiction, Removing Defendants have satisfied all other requirements for removal.

23. Removal is timely because less than 30 days have passed since Plaintiffs filed their Summons and Complaint on February 28, 2019.  *See* 28 U.S.C. § 1446(b).

24. Plaintiffs' Summons and Complaint provide a sufficient basis for removal of this action because it is clear from the face of that document that the requirements of 28 U.S.C. § 1332(a) are satisfied.  *See generally Christian, Klein & Cogburn v. NASD*, 970 F. Supp. 276, 278 (S.D.N.Y. 1997) ("an initial document, by whatever name, which contains enough information to allow defendant to intelligently ascertain removability qualifies as an initial pleading" for purposes of 28 U.S.C. § 1446(b)) (internal quotations omitted).

25. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81 (a)(3)(B), a copy of all process, pleadings, and orders in the state court action, individually tabbed and arranged in chronological order, is attached hereto collectively as **Exhibit A**.

26. Pursuant to Local Rule 81(a)(3)(A), an index identifying each document filed and/or served in the state court action is attached as **Exhibit B**.

27. Pursuant to Local Rule 81(a)(4), an affidavit declaring that Removing Defendants have provided all other parties with notice of this removal will be filed promptly.

28. In accordance with 28 U.S.C. § 1446(d), Removing Defendants will promptly

provide written notice of the filing of this Notice of Removal to Plaintiffs and shall file a copy of this Notice along with a Notice of Removal to Federal Court with the Clerk of the Supreme Court of the State of New York, County of Erie, where this action currently is pending.

29. Based upon the allegations in Plaintiffs' Summons and Complaint, the proper venue for removal of this action under 28 U.S.C. § 112(d) is the United States District Court for the Western District of New York because this District embraces the Supreme Court of the State of New York, County of Erie, the forum in which the removed action was pending.

30. Should any question arise as to the propriety of this removal, Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position.

WHEREFORE, Removing Defendants give notice that this matter in the Supreme Court of the State of New York, County of Erie, Index No. 802577/2019, is hereby removed to the United States District Court for the Western District of New York, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated:   New York, New York
         March 1, 2019

Respectfully Submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
    John D. Winter
    Thomas P. Kurland
1133 Avenue of the Americas
New York, NY 10036
T:   212-336-2000
F:   212-336-2222
E:   jwinter@pbwt.com
     tkurland@pbwt.com

*Attorneys for Defendants Johnson & Johnson, Johnson & Johnson Health and Wellness Solutions, Inc., and Johnson & Johnson Consumer Inc.*