UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

John Castro and Joyce Castro,

                            Plaintiffs,

      v.

Colgate-Palmolive Company et al.,

                            Defendants.

**Decision and Order**

19-CV-279W

---

        Plaintiffs John and Joyce Castro filed a complaint on February 28, 2019 in New York State Supreme Court, Erie County. (Dkt. No. 1-2.) In the complaint, plaintiffs claimed injuries related to exposure to asbestos; they asserted that the exposure came through the use of talc products between approximately 1950 and 2017. (*Id.* at 12.) On March 1, 2019, defendants Johnson & Johnson, Johnson & Johnson Health and Wellness Solutions, Inc., and Johnson & Johnson Consumer Inc. (f/k/a Johnson & Johnson Consumer Companies, Inc.) removed the case to this District. (Dkt. No. 1.) District Judge Elizabeth Wolford has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 9.)

        While reviewing the docket to prepare for initial scheduling, the Court noticed something about venue that requires closer attention. According to the complaint, plaintiffs live in Virginia. Out of 12 named corporate defendants, only one—Colgate-Palmolive Company, a defendant that has not yet appeared—purportedly has a principal place of business in New York. No defendant was incorporated in New York. Plaintiffs asserted in the complaint that defendants have done business in New York but are vague about asserting where any asbestos exposure occurred. Plaintiffs have pled only that any exposure occurred "among other places" in New York and Virginia. The complaint also is confusing about how any alleged exposure occurred. Plaintiffs'

references to the years 1950–2017, "cosmetic talc products," and "intended and foreseeable use of the products" (Dkt. No. 1-2 at 13, 14) suggest exposure over time through consumer products like common talcum powder. That suggestion might not quite line up with the later assertion of exposure to "asbestos products while working in various shipyards, steel mills, refineries, paper mills, chemical plants, industrial sites and facilities, construction sites and other facilities." (*Id.* at 19.) In any event, the Court's point is that the complaint does not make apparent that any of the documents or witnesses needed to prove (or to disprove) liability will be found within this District. At the same time, the Court is aware of a multidistrict docket encompassing over 10,000 pending actions that pertain to talc products; that docket, managed through the United States Judicial Panel on Multidistrict Litigation, currently is assigned to District Judge Freda Wolfson in the District of New Jersey. *See In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, MDL Dkt. No. MDL-2738, Case No. 16-MD-2738 (D.N.J.). Independently from the issue of removal, *see* 28 U.S.C. § 1390(c), the information available so far raises questions about whether this District should be the venue for the case.

Consequently, before proceeding with scheduling, the Court would like the parties to clarify why this case should continue here. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) applies to cases removed from state court. *See Cunninghame v. Equitable Life Assur. Soc. of U.S.*, 652 F.2d 306, 308 (2d Cir. 1981); *Benton v. Vinson, Elkins, Weems & Searls*, 255 F.2d 299, 300 (2d Cir. 1958); *Guccione v. Harrah's Mktg. Servs. Corp.*, No. 06 CIV. 4361PKL, 2009 WL 2337995, at *1 n.5 (S.D.N.Y. July 29, 2009) ("[A] district court may consider a post-removal request to transfer venue under § 1404(a)."). As long as the parties have an opportunity to weigh in on a

2

possible transfer, the Court can raise the issue *sua sponte*. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111–12 (2d Cir. 2001); *Lead Indus. Assoc., Inc. v. OSHA*, 610 F.2d 70, 79–80 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*."); *see also Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011) (unpublished decision) ("A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice.") (citations omitted); *Shisinday v. Texas Dep't of Criminal Justice-Agency*, 124 F. App'x 898, 899 (5th Cir. 2005) (unpublished decision) (per curiam) (citations omitted); *Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Massachusetts, Inc.*, 42 F. Supp. 2d 327, 333 (S.D.N.Y. 1999) ("A transfer may be made under 28 U.S.C. § 1404(a) or § 1406(a) upon motion by either party or by the court sua sponte."); *Mobil Corp. v. S.E.C.*, 550 F. Supp. 67, 69 (S.D.N.Y. 1982) ("The parties should be provided notice and an opportunity to be heard when transfer is proposed *sua sponte* by the court.") (citations omitted). The Court, if necessary, can transfer the case via Decision and Order since transfers are non-dispositive. *See Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*, No. 03-CV-0306A(F), 2004 WL 2491641, at *1 n.1 (W.D.N.Y. Nov. 3, 2004); *White Mop Wringer Co. of Canada v. BT Capital Partners, Inc.*, No. 95-CV-565 (RSP/DS), 1997 WL 222380, at *1 (N.D.N.Y. Apr. 29, 1997). As an alternative to transferring the case as an independent civil action to another district, the Court could notify the Judicial Panel on Multidistrict Litigation about this case; the panel then could initiate transfer proceedings upon its own initiative under 28 U.S.C. § 1407(c).

On or before April 15, 2019, the parties will file simultaneous briefing addressing whether this case should be transferred to the multidistrict litigation in New Jersey or to another district. Mindful that no one factor is determinative, the Court is particularly interested in having the parties address the factors commonly considered when determining the propriety of a transfer: "(a) the

3

convenience of witnesses; (b) the convenience of the parties; (c) the locus of operative facts; (d) the location of relevant documents and relative ease of access to sources of proof; (e) the availability of process to compel the attendance of unwilling witnesses; (f) the forum's familiarity with the governing law; (g) the relative financial means of the parties; (h) the weight afforded plaintiff's choice of forum; and (i) trial efficiency and the interests of justice." *New Era Cap Co. v. Prinz Enterprises, LLC.*, No. 06CV391S, 2008 WL 565490, at *2 (W.D.N.Y. Feb. 28, 2008) (citations omitted). The Court will deem the matter submitted on papers under Rule 78(b) unless it decides that further proceedings are necessary.

    SO ORDERED.

                                             __/s Hugh B. Scott_____
                                             Hon. Hugh B. Scott
                                             United States Magistrate Judge

DATED: March 21, 2019