UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

John Castro and Joyce Castro,

                        Plaintiffs,

    v.

Colgate-Palmolive Company *et al.*,

                        Defendants.

**Report and Recommendation**

19-CV-279 (JLS)

      Plaintiff John Castro believes that he has spent decades of his life using talcum products without realizing that they contained asbestos.  John and his wife Joyce now believe that asbestos from talcum products caused John's disease of mesothelioma.  John and Joyce accordingly have sued Colgate-Palmolive Company ("Colgate"); CVS Pharmacy, Inc.; Cyprus Amax Minerals Company; Giant, LLC; several corporate entities related to Johnson & Johnson ("Johnson & Johnson," collectively); Revlon Holdings, Inc. ("Revlon"); and some other defendants under various theories of product negligence and strict product liability.  The Court addressed this case previously when recommending denial of John and Joyce's motion to remand to state court.  (Dkt. Nos. 15, 90.)  District Judge John L. Sinatra, Jr. adopted the Report and Recommendation on June 3, 2020.  (Dkt. No. 95.)

      Recent events now allow the Court to issue a very short Report and Recommendation regarding three other motions that remain pending.  Prior to the assignment of this case to Judge Sinatra and to this Court, defendant CVS Pharmacy, Inc. filed a motion to dismiss or to transfer on May 31, 2019.  (Dkt. No. 45.)  John and Joyce responded in part through a cross-motion for leave to amend their complaint.  (Dkt. No. 63.)  On April 22, 2020, defendant CVS Pharmacy, Inc. filed an

additional motion to dismiss for lack of personal jurisdiction. (Dkt. No. 87.) This most recent motion rested on deposition testimony[1] that

> Mr. Castro testified regarding his personal use of talcum powder products through the years and his limited knowledge and experience of purchasing talcum powder products. [*See generally* Exhibit A.] Mr. Castro was a member of the Army, and the vast majority of the talcum powder products that Mr. Castro used were purchased at the commissary. [Exh. A at 11:20-22; 39:12-40:6.]
>
> Mr. Castro testified that he never purchased talcum powder products from a CVS store in New York. [*Id.* at 93:4-94:8.] He only remembers purchasing talcum powder products from CVS stores in Virginia, and even then his purchases were rare. [*Id.* at 93:9-18.] He only recalls buying a generic version of a talcum powder product from a CVS store about once a year when the commissary did not have his preferred product in stock. [*Id.* at 92:14-93:8.] Mrs. Castro was even more direct. She testified that she does not remember ever purchasing a relevant talcum powder product from CVS. [Exhibit B, February 14, 2020 Deposition of Joyce Castro at 80:1-16.]

(Dkt. No. 88 at 3.) In response to the most recent motion, John and Joyce stipulated to dismiss CVS Pharmacy, Inc. from the case without prejudice. (Dkt. No. 93.) Judge Sinatra endorsed the stipulation on May 12, 2020. (Dkt. No. 94.) The departure of CVS Pharmacy, Inc. from the case leaves all three pending motions more or less moot. The two motions to dismiss by CVS Pharmacy, Inc. certainly are moot. John and Joyce's cross-motion seeks leave to amend the complaint, but only as alternative relief while opposing the first motion to dismiss by CVS Pharmacy, Inc. Prudence warrants allowing John and Joyce to file a new motion for leave to amend, if necessary, to reflect updated circumstances. Any new motion would have to explain the need to amend beyond the May 22, 2020 deadline to amend that had been set in the current scheduling order. (Dkt. No. 86 at 2.)

---

[1] Due to the unusual early procedural history of this case, the depositions of John and Joyce took place on a voluntary basis on May 22, 2019 and February 14, 2020. (Dkt. Nos. 88-1 at 2, 88-2 at 2.) To their credit, the parties agreed to the depositions even without a scheduling order because of concerns about the state of John's health. For the limited purpose of this short Report and Recommendation, the Court has accepted the deposition testimony as if it had proceeded under Rules 29 and 27, even if the parties never invoked those rules explicitly.

Consequently, the Court respectfully recommends denying all three motions that are currently pending.  (Dkt. Nos. 45, 63, 87.)  Meanwhile, the current scheduling order (Dkt. No. 86) will stay in effect for now, but the remaining parties are welcome to request a status conference at any time to address any matters that might require the Court's attention.

## OBJECTIONS

A copy of this Report and Recommendation will be sent to counsel for the parties by electronic filing on the date below.  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Any objections must be filed electronically with the Clerk of the Court through the CM/ECF system.

"As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted).  "We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.  The rule is enforced under our supervisory powers and is a nonjurisdictional waiver provision whose violation we may excuse in the interest of justice." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38–39 (2d Cir. 1997) (internal quotation marks and citations omitted).

"Where a party only raises general objections, a district court need only satisfy itself there is no clear error on the face of the record.  Indeed, objections that are merely perfunctory responses

3

argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review. Such objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009) (internal quotation and editorial marks and citations omitted). "In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) (citation omitted).

      SO ORDERED.

                                                __/s Hugh B. Scott_____
                                                Hon. Hugh B. Scott
                                                United States Magistrate Judge

DATED: July 13, 2020