UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN CASTRO and JOYCE CASTRO,

      Plaintiffs,

v.

COLGATE-PALMOLIVE COMPANY,
et al.,

      Defendants.
_____

19-CV-279 (JLS)

## DECISION AND ORDER

On February 28, 2019, Plaintiffs John Castro and Joyce Castro commenced this products liability action in state court against Defendants, including CVS Pharmacy ("CVS"), alleging that John Castro was diagnosed with mesothelioma as a result of his exposure to asbestos from his use of asbestos-contaminated talc products. *See* Dkt. 1-2, Exh. A. On March 1, 2019, Defendants Johnson & Johnson, Johnson Consumer Companies, Inc., and Johnson & Johnson Health and Wellness Solutions, Inc. removed the case to this Court. Dkt. 1. On January 27, 2020, this Court referred the case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 71. On June 2, 2020, this Court accepted and adopted a Report and Recommendation ("R&R") recommending denial of the Castros' motion to remand (Dkt. 15). Dkt. 95.

Judge Scott issued a subsequent R&R on July 13, 2020. Dkt. 96. This R&R addresses Defendant CVS Pharmacy's motion to dismiss or transfer (Dkt. 45); the Castros' cross-motion for leave to amend the complaint (Dkt. 63); and CVS's motion

to dismiss for lack of personal jurisdiction (Dkt. 87). In response to CVS's second motion to dismiss (Dkt. 87), the Castros stipulated to dismiss all claims against CVS without prejudice. Dkt. 93. The Court endorsed this stipulation on May 12, 2020. Dkt. 94. The R&R, in light of this stipulation ending CVS's involvement in this case, recommended denying all three pending motions. Dkt. 96, at 2-3.

The parties did not object to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Based on this Court's review and the absence of any objections, the Court accepts and adopts Judge Scott's recommendation to deny the three pending motions.

For the reasons stated above and in the R&R, CVS's motion to dismiss or transfer (Dkt. 45) is DENIED; the Castros' cross-motion for leave to amend the complaint (Dkt. 63) is DENIED; and CVS's motion to dismiss for lack of personal jurisdiction (Dkt. 87) is DENIED. The case is referred back to Judge Scott for further proceedings consistent with the referral order of January 27, 2020, Dkt. 71.

SO ORDERED.

Dated:   July 29, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE