UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN CASTRO, et al.,

           Plaintiffs,

v.

COLGATE-PALMOLIVE CO., et al.,

           Defendants.

1:19-CV-00279 JLS (MJR)

REPORT AND
RECOMMENDATION

---

## INTRODUCTION

This case has been referred to the undersigned by the District Court, pursuant to Section 636(b)(1) of Title 28 of the United States Code, for all pretrial matters and for hearing and reporting on dispositive motions.[1] (Dkt. No. 128) In February 2019, plaintiffs John and Joyce Castro[2] brought the present action against a variety of defendants for their alleged fault in causing John's mesothelioma. (Dkt. Nos. 1-2) Now before the Court is defendant Revlon Holdings, Inc.'s ("Revlon") motion for summary judgment. (Dkt. No. 119) Among other things, Revlon argues that plaintiffs' claims are time-barred. (Dkt No. 119-22 at 12-14) Plaintiffs did not file any opposition to the motion. For the reasons that follow, the Court agrees that plaintiffs' claims are time-barred, and it therefore recommends that Revlon's motion for summary judgment be granted.

---

[1] This case was originally assigned to the Hon. Elizabeth A. Wolford before being transferred to the Hon. John L. Sinatra, Jr. (Dkt. No. 70) District Judge Sinatra referred all pretrial matters to the Hon. Hugh B. Scott (Dkt. No. 71), but the referral has now been transferred to the undersigned. (Dkt. No. 128)

[2] For ease of reference, the Court refers to the Castros by their first names.

## BACKGROUND

Because plaintiffs have not filed an opposition to Revlon's motion, the Court deems admitted the facts contained in Revlon's Rule 56 Statement of Undisputed Facts. *See* Loc. R. Civ. P. 56(a)(2); *Thurmond v. Bowman*, 211 F. Supp. 3d 554, 561-62 (W.D.N.Y. 2016). Furthermore, a full recitation of the underlying facts is unnecessary given that the dispositive issue is narrow.

To hold Revlon liable, plaintiffs allege that one of Revlon's talcum-powder products—"Jean Naté"—caused John's mesothelioma. (Dkt. No. 119-7 at 26) Plaintiffs' theory is one of indirect exposure. Approximately once per week from 1983 to 1991, Joyce would use the Jean Naté powder in the bathroom after she showered or bathed. (Dkt. No. 119-11 at 13, 19) Plaintiffs believe that "Jean Naté" contained asbestos and that, due to Joyce's use of the product, John "regular[ly] and frequent[ly]" inhaled the powder, which subsequently caused his mesothelioma. (Dkt. No. 119-7 at 26) Plaintiffs state that they have lived in Virginia since 1974. (*Id.* at 7-8) Therefore, Joyce's use of and John's exposure to "Jean Naté" only occurred in Virginia. (Dkt. No. 119-11 at 13, 19)

In their interrogatory responses, plaintiffs state that John was diagnosed with mesothelioma on February 29, 2016. (Dkt. No. 119-7 at 44) Plaintiffs did not file the present action until February 28, 2019, nearly three years later. (Dkt. No. 1-2 at 11-43) Plaintiffs raise four claims against Revlon: (1) negligence, (2) breach of warranty, (3) strict products liability, and (4) loss of consortium.[3]

---

[3] Plaintiffs' complaint also references claims relating to New York Labor Law, premises liability, and contractor liability, but those claims cannot reasonably be read to pertain to Revlon. (Dkt. No. 1-2 at 29-40) As Judge Scott noted in a prior order, it appears that these claims were "borrowed from complaints filed in other cases." (Dkt. No. 90 at 2-3) Similarly, the complaint includes claims for "joint and several liability" and "punitive damages," which are not distinct causes of action and need not be addressed.

## **DISCUSSION**

### *Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is to be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56. A genuine issue of material fact exists "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008). "[V]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier [of fact] could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Bay v. Times Mirror Magazine, Inc.*, 936 F.2d 112, 116 (2d Cir. 1991); *see also Matsushia Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (summary judgment is appropriate when "the record as a whole could not lead a rational trier of fact to find for the non-moving party"). When a movant has met this burden, the burden shifts to the non-movant to bring forth evidence establishing the existence of an issue of material fact. *Linares v. McLaughlin*, 423 F. App'x 84, 86 (2d Cir. 2011) (summary order); *see also Konikoff v. Prudential Ins. Co. of America*, 234 F.3d 92, 97 (2d Cir. 2007) (an issue of fact is considered "material" if it "might affect the outcome of the suit under the governing law").

In evaluating a motion for summary judgment, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party, and it is the burden of the moving party to demonstrate the absence of any material facts genuinely in dispute. *Hathaway v. Coughlin*, 841 F.2d 48, 50 (2d Cir. 1988). Importantly, a court must not "weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact."

*Victory v. Pataki*, 814 F.3d 47 (2d Cir. 2016). In addition, "the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. The court may not grant the motion without first determining that the moving party has met its burden of demonstrating that no material issue of fact remains for trial." *Gochnour v. Burri*, No. 15-CV-6174, 2018 WL 10944594, at *2 (W.D.N.Y. July 9, 2018) (internal quotation marks and citation omitted).

<u>Statute of Limitations</u>

Revlon's argument proceeds in two steps: first, Virginia substantive law—and specifically its statute of limitations—applies to plaintiffs' claims, and second, plaintiffs' claims are time-barred under Virginia's two-year statute of limitations. Although the Court agrees that plaintiffs' claims are time-barred, it reaches this conclusion for slightly different reasons than those articulated by Revlon.

At the first step, Revlon contends that New York's choice of law rules favor the application of Virginia's substantive law because the "place of the wrong is Virginia." (Dkt No. 119-22 at 13) Thus, in Revlon's view, Virginia's two-year statute of limitations should apply. (*Id.*)

However, New York "adheres to the traditional substantive/procedural dichotomy in its choice of law analysis," *Gerena v. Korb*, 617 F.3d 197, 206 (2d Cir. 2010), whereby "matters of procedure are governed by the law of the forum" and "matters of substantive law fall within the course charted by choice of law analysis." *Tanges v. Heidelberg N. Am., Inc.*, 710 N.E.2d 250, 251-52 (N.Y. 1999). "Under New York law the statute of limitations is considered procedural," and therefore "New York will apply its own statute of limitations even though the injury which gave rise to the action occurs in another state."

4

*Stafford v. Int'l Harvester Co.*, 668 F.2d 142, 147 (2d Cir. 1981); *see also Abbott Labs. v. Feinberg*, 477 F. Supp. 3d 57, 61 (S.D.N.Y. 2020) ("Traditional choice-of-law analysis would not apply to determine the applicable statute of limitations because the issue is procedural."). Therefore, as a federal court sitting in diversity, this Court must apply New York's statute of limitations. *See SOCAR v. Boeing Co.*, 144 F. Supp. 3d 391, 395-96 (E.D.N.Y. 2015).

Nevertheless, this conclusion does not doom Revlon's argument, since New York law, in turn, requires the Court to apply Virginia's statute of limitations. *See id.* "Under C.P.L.R. § 202, when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998). "For purposes of C.P.L.R. § 202, a cause of action sounding in negligence or product liability accrues in the state where the injury occurs." *Id.*

By their own admission, plaintiffs have resided in Virginia since 1974 (Dkt. No. 1-2 at 12), and John's alleged injury from "Jean Naté" could only have occurred in Virginia (Dkt. No. 119-11 at 13, 19). Under these circumstances, Section 202 requires the Court to apply Virginia's shorter two-year statute of limitations to plaintiffs' claims for negligence, products liability, and breach of warranty.[4] *Compare* N.Y. C.P.L.R. § 214-c(2) (providing three-year statute of limitations for "an action to recover damages for personal injury . . .

---

[4] Joyce's claim for loss of consortium fails not because of Virginia's statute of limitations, but for the more basic reason that she has no viable cause of action. Virginia does not recognize a claim for loss of consortium. *See Sirak v. Aiken*, No. 19-CV-179, 2019 WL 6689912, at *3 (E.D. Va. Dec. 6, 2019). Revlon is correct that, under New York's choice-of-law rules, Virginia law governs Joyce's claim. *See generally Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 423-24 (S.D.N.Y. 2013).

caused by the latent effects of exposure to any substance," which begins to run "from the date of discovery of the injury by the plaintiff"), *with* Va. Code Ann. §§ 8.01-243(A), -249(4) (personal injury action must be brought within two years after the cause of action accrues, which, in the case of exposure to asbestos, is when the diagnosis of mesothelioma is first communicated to the person by a physician); *see also Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 890 (E.D. Va. 2010) (applying two-year statute of limitations to personal injury claims, whether styled as negligence, breach of warranty, or products liability).

In this case, plaintiffs' claims accrued on February 29, 2016, when John was diagnosed with mesothelioma. Va. Code Ann. § 8.01-249(4). Under Virginia's statute of limitations, plaintiffs had until February 2018 to bring a personal injury action based on John's exposure to asbestos. *Id.* § 8.01-243(A). Because plaintiffs did not file their action until February 2019, their action is time-barred. Furthermore, insofar as they have not responded to Revlon's motion, plaintiffs have not established that any exception or tolling applies to save their claims. *See Brojer v. George*, No. 11-CV-3156, 2013 WL 1833246, at *3 (E.D.N.Y. May 1, 2013) (stating that under New York law, once the defendant has met its burden of establishing that the limitations period has expired, the burden shifts to the plaintiff to establish an exception or provide proof to support tolling); *Hughley v. Basham*, No. 03-CV-85, 2003 WL 24101521, at *3 (E.D. Va. Aug. 1, 2003) (same under Virginia law).

Therefore, Revlon has established that it is entitled to judgment as a matter of law. Because the statute of limitations issue is dispositive, the Court need not address Revlon's other arguments in favor of summary judgment.

## CONCLUSION

For the reasons stated above, the Court recommends that Revlon's motion for summary judgment (Dkt. No. 119) be granted.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

DATED:   April 5, 2021
         Buffalo, New York

                                            HONORABLE MICHAEL J. ROEMER
                                            United States Magistrate Judge