UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

JOHN CASTRO and JOYCE CASTRO,

      Plaintiffs,

v.

                                           19-CV-279 (JLS)

JOHNSON & JOHNSON, et al.,

      Defendants.

_____

### DECISION AND ORDER

      On February 28, 2019, Plaintiffs John Castro and Joyce Castro commenced this products liability action in state court against Defendants alleging that John Castro was diagnosed with mesothelioma as a result of his exposure to asbestos from his use of asbestos-contaminated talc products.[1]  *See* Dkt. 1-2, Exh. A. On January 27, 2020, this Court referred the case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).[2] Dkt. 71.  This Court previously accepted and adopted Judge Scott's April 29, 2020 Report and Recommendation ("R&R") ("Dkt. 90) addressing the Castros' motion to

---

[1] This Court assumes the parties' familiarity with the background and facts of this case, outlined in the three R&Rs (Dkts. 90, 96, 132) and this Court's prior Decision and Orders dated June 2, 2020, and July 29, 2020 (Dkts. 95, 97), and does not repeat them here.

[2] This case was originally assigned to the Hon. Elizabeth A. Wolford before being reassigned to the Hon. John L. Sinatra, Jr. on January 3, 2020.  Dkt. 70.  Judge Sinatra referred the case for all pretrial matters to Judge Scott, but the referral was subsequently transferred to Magistrate Judge Michael J. Roemer.  Dkt. 128.

remand, as well as Judge Scott's July 13, 2020 R&R (Dkt. 96) addressing several pending motions. See Dkts. 95, 97.

On January 22, 2021, Defendant Revlon Holdings, Inc.'s ("Revlon") moved for summary judgment. Dkt. 119. Revlon's motion seeks dismissal on several grounds, including that the Castros' claims are time-barred. See Dkt. 119-22, at 8-24. The Castros did not file any opposition to the motion.

On April 6, 2021, Judge Roemer issued an R&R, recommending that the motion for summary judgment be granted on the basis that Castros' claims are time-barred. Dkt. 132. The parties did not object to the R&R, and the time to do so has expired. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Based on this Court's review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to grant Revlon's motion for summary judgment.

For the reasons stated above and in the R&R, Revlon's motion for summary judgment (Dkt. 119) is GRANTED. The case is referred back to Judge Roemer for further proceedings consistent with the referral order of January 27, 2020 (Dkt. 71).

SO ORDERED.

Dated:   April 30, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE