

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN CASTRO, *et al.*,

                Plaintiffs,

   v.

COLGATE-PALMOLIVE CO., *et al.*,

                Defendants.

---

1:19-CV-00279 JLS (MJR)

REPORT AND
RECOMMENDATION

## INTRODUCTION

This case has been referred to the undersigned by the District Court, pursuant to Section 636(b)(1) of Title 28 of the United States Code, for all pretrial matters and for hearing and reporting on dispositive motions.  (Dkt. Nos. 71, 128)  In February 2019, plaintiffs John and Joyce Castro[1] brought the present action against a variety of defendants for their alleged fault in causing John's mesothelioma.  (Dkt. Nos. 1-2)  Now before the Court is a motion for summary judgment filed by defendants Johnson & Johnson, Johnson & Johnson Health and Wellness Solutions, Inc., and Johnson Consumer Companies, Inc. (collectively "J&J").  (Dkt. No. 133)  J&J argues that judgment as a matter of law is warranted because plaintiffs' claims are time-barred.  (Dkt. No. 133-2 at 8-10)  Plaintiffs did not file any opposition to the motion.  For the reasons that follow, the Court recommends that J&J's motion for summary judgment be granted.

---

[1] For ease of reference, the Court refers to the Castros by their first names.

## BACKGROUND

Because plaintiffs have not filed an opposition to J&J's motion, the Court deems admitted the facts contained in J&J's Rule 56 Statement of Undisputed Facts. *See* Loc. R. Civ. P. 56(a)(2); *Thurmond v. Bowman*, 211 F. Supp. 3d 554, 561-62 (W.D.N.Y. 2016). Furthermore, a full recitation of the underlying facts is unnecessary given that the dispositive issue is narrow.

On February 29, 2016, John was diagnosed with mesothelioma. (Dkt. No. 119-7 at 44) Approximately three years later, on February 28, 2019, he and his wife, Joyce, brought the present action in New York. (Dkt. No. 1-2 at 11-43) Against J&J, plaintiffs raise four claims: (1) negligence; (2) breach of warranty; (3) strict products liability; and (4) loss of consortium.[2]

Plaintiffs theorize that two of J&J's products—both of which contain talcum powder—caused John's mesothelioma. The first product is "Johnson's Baby Powder," which John and Joyce used on their children "after diaper changes and baths." (Dkt. No. 133-5 at 7) Plaintiffs used the baby powder from late 1961 to 1966. (*Id.* at 7-8) Plaintiffs lived in South Carolina and Georgia during that period. (Dkt. No. 119-7 at 9-10)

The second product is "Shower-to-Shower," which John used every day from 1969 to 2018. (Dkt. No. 133-5 at 6) John began using the product while he was in Vietnam. (Dkt. No. 133-6 at 9) John returned from Vietnam and lived in New York until 1971, when plaintiffs moved to Hawaii. (Dkt. No. 119-7 at 8-9) In 1974, plaintiffs moved to Virginia,

---

[2] As the Court noted in its prior Report & Recommendation, plaintiffs' complaint also references causes of action related to New York Labor Law, premises liability, and contractor liability. (Dkt. No. 1-2 at 29-40) Because those claims cannot be reasonably read to pertain to J&J, the Court does not address them. (Dkt. No. 132 at 2 n.3) "Similarly, the complaint includes claims for 'joint and several liability' and 'punitive damages,' which are not distinct causes of action" and therefore need not be addressed. (*Id.*)

2

where they have since resided. (*Id.* at 7-8)  John was diagnosed with mesothelioma in Virginia. (*Id.* at 40-41, 44)

## DISCUSSION

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is to be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56.  A genuine issue of material fact exists "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008). "[V]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier [of fact] could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Bay v. Times Mirror Magazine, Inc.*, 936 F.2d 112, 116 (2d Cir. 1991); *see also Matsushia Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (summary judgment is appropriate when "the record as a whole could not lead a rational trier of fact to find for the non-moving party").  When a movant has met this burden, the burden shifts to the non-movant to bring forth evidence establishing the existence of an issue of material fact.  *Linares v. McLaughlin*, 423 F. App'x 84, 86 (2d Cir. 2011) (summary order); *see also Konikoff v. Prudential Ins. Co. of America*, 234 F.3d 92, 97 (2d Cir. 2007) (an issue of fact is considered "material" if it "might affect the outcome of the suit under the governing law").

In evaluating a motion for summary judgment, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party, and it is the burden of the moving party to demonstrate the absence of any material genuinely in dispute.

*Hathaway v. Coughlin*, 841 F.2d 48, 50 (2d Cir. 1988).  Importantly, a court must not "weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 2016 U.S. App. LEXIS 1650 (2d Cir. 2016).  In addition, "the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment.  The court may not grant the motion without first determining that the moving party has met its burden of demonstrating that no material issue of fact remains for trial." *Gochnour v. Burri*, No. 15-CV-6174, 2018 WL 10944594, at *2 (W.D.N.Y. July 9, 2018) (internal quotation marks and citation omitted).

<u>Statute of Limitations</u>

In its previous Report & Recommendation ("R&R"), the Court recommended that defendant Revlon Holdings, Inc.'s motion for summary judgment be granted on the basis that plaintiffs' claims were time-barred under Virginia law.  (Dkt. No. 132)  J&J's motion is premised on the same rationale: first, New York's borrowing statute applies and requires the Court to apply Virginia's statute of limitations; and second, because Virginia's statute of limitations is two years, plaintiffs' claims are time-barred.  (Dkt. No. 133-2 at 8-10)  The Court agrees.

As a federal court sitting in diversity, this Court must apply New York's statute of limitations.  *See SOCAR v. Boeing Co.*, 144 F. Supp. 3d 391, 395-96 (E.D.N.Y. 2015); *Stafford v. Int'l Harvester Co.*, 668 F.2d 142, 147 (2d Cir. 1981) ("Under New York law the statute of limitations is considered procedural," and therefore "New York will apply its own statute of limitations even though the injury which gave rise to the action occurs in another state.").  But New York law, in turn, requires courts to apply the statute of limitations of other states in certain circumstances.  C.P.L.R. § 202 provides: "An action

4

based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued." N.Y. C.P.L.R. § 202. In other words, "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998).

Plaintiffs' claims are subject to Section 202. By their own admission, plaintiffs are Virginia residents. (Dkt. No. 1-2 at 12) As for the time and place of accrual, for purposes of Section 202, a claim "accrues" at the "time when, and the place where, the plaintiff first had the right to bring the cause of action." *Global Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 484 (N.Y. 1999). For personal injury suits, a claim accrues at the time when and "in the state where the injury occurs." *Stuart*, 158 F.3d at 627. In toxic-tort cases, a claim for latent personal injury does not accrue until "the injured party discovers [or could reasonably discover] the primary condition on which the claim is based." *Bano v. Union Carbide Corp.*, 361 F.3d 696, 709 (2d Cir. 2004); *see also* N.Y. C.P.L.R. § 214-c(2); *Rothstein v. Tenn. Gas Pipeline Co.*, 661 N.E.2d 146, 148 (N.Y. 1995). Accordingly, at the latest, plaintiffs' claims accrued as of February 2016 in Virginia—when and where John learned of his mesothelioma diagnosis. (Dkt No. 119-7 at 44)

Thus, the requirements of Section 202 are met, and the Court is obliged to apply Virginia's shorter two-year statute of limitations to plaintiffs' claims for negligence, breach of warranty, and strict products liability. Va. Code Ann. §§ 8.01-243(A), -249(4) (personal injury action must be brought within two years after the cause of action accrues, which,

in the case of exposure to asbestos, is when the diagnosis of mesothelioma is first communicated to the person by a physician); *see also Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 890 (E.D. Va. 2010) (applying two-year statute of limitations to personal injury claims, whether styled as negligence, breach of warranty, or products liability). Under Virginia's statute of limitations, those claims are untimely because plaintiffs did not file this action until more than two years after John received his diagnosis.[3] Summary judgment is therefore proper on plaintiffs' negligence, breach of warranty, and strict products liability claims.

Furthermore, plaintiffs' claim for loss of consortium fails as a matter of law. Because J&J expressly declined to address any choice-of-law issues (Dkt. No. 133-2 at 8 n.1), and plaintiffs have not filed any opposition, the Court will assume that New York's substantive law applies to this claim. *See Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 323 (S.D.N.Y. 2014) (on summary judgment, assuming New York law applied in light of parties' "apparent decision not to raise the choice-of-law issue"); *N.Y. Life Ins. Co. v. Brown*, No. 19-CV-9437, 2021 WL 325857, at *4 n.3 (S.D.N.Y. 2021) (same where motion for summary judgment was unopposed). Under New York law, loss of consortium is a derivative claim "that depends on the viability of the primary cause of action." *Vega-Santana v. Nat'l R.R. Passenger Corp.*, 956 F. Supp. 2d 556, 562 (S.D.N.Y. 2013).

---

[3] Given their non-opposition, plaintiffs have failed to raise or develop any argument that the statute of limitations should be tolled. *See Brojer v. George*, No. 11-CV-3156, 2013 WL 1833246, at *3 (E.D.N.Y. May 1, 2013) (stating that under New York law, once the defendant has met its burden of establishing that the limitations period has expired, the burden shifts to the plaintiff to establish an exception or provide proof to support tolling); *Hughley v. Basham*, No. 03-CV-85, 2003 WL 24101521, at *3 (E.D. Va. Aug. 1, 2003) (same under Virginia law).

Where, as here, the primary causes of action are dismissed on summary judgment, "the loss of consortium claim must be dismissed as well." *Id.*

## CONCLUSION

For the reasons stated above, the Court recommends that J&J's motion for summary judgment (Dkt. No. 133) be granted.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall*

be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

        SO ORDERED.


DATED:       May 7, 2021
             Buffalo, New York

                                        HONORABLE MICHAEL J. ROEMER
                                        United States Magistrate Judge