UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

JOHN CASTRO and JOYCE CASTRO,

    Plaintiffs,

    v.

                        19-CV-279 (JLS)

JOHNSON & JOHNSON, et al.,

    Defendants.

—————————————————————

**DECISION AND ORDER**

On February 28, 2019, Plaintiffs John Castro and Joyce Castro commenced

this products liability action in state court against Defendants alleging that John

Castro was diagnosed with mesothelioma as a result of his exposure to asbestos

from his use of asbestos-contaminated talc products.[1]  *See* Dkt. 1-2, Exh. A.

On January 27, 2020, this Court referred the case to United States Magistrate

Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).[2]

Dkt. 71.

This Court previously accepted and adopted three R&Rs (Dkts. 90, 96, 132) in

this case.  *See* Dkts. 95, 97, 135.  The most recent R&R—issued by Judge Roemer on

—————————————————

[1] This Court assumes the parties' familiarity with the background and facts of this
case, outlined in the R&Rs (Dkts. 90, 96, 132, 136) and this Court's prior Decision
and Orders dated June 2, 2020, July 29, 2020, and April 30, 2021 (Dkts. 95, 97,
135), and does not repeat them here.

[2] This case was originally assigned to the Hon. Elizabeth A. Wolford before being
reassigned to the Hon. John L. Sinatra, Jr. on January 3, 2020.  Dkt. 70.  Judge
Sinatra referred the case for all pretrial matters to Judge Scott, but the referral was
subsequently transferred to Magistrate Judge Michael J. Roemer.  Dkt. 128.

April 6, 2021—recommended granting Defendant Revlon Holdings, Inc.'s ("Revlon") motion for summary judgment on the basis of the Castros' claims being time-barred. *See generally* Dkt. 132. This Court accepted and adopted Judge Roemer's recommendations on April 30, 2021. Dkt. 135.

On April 9, 2021, Defendants Johnson & Johnson, Johnson & Consumer, Inc., and Johnson & Johnson Health and Wellness Solutions Inc. (the "J&J Defendants") moved for summary judgment, arguing, as Revlon did, that the Castros' claims are time-barred. Dkt. 133-2, at 6-11. The Castros did not file any opposition to J&J's motions.

On May 10, 2021, Judge Roemer issued an R&R, recommending that the J&J Defendants' motion for summary judgment be granted. Dkt. 132. The parties did not object to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Based on this Court's review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to grant the J&J Defendants' motion for summary judgment.

For the reasons stated above and in the R&R, the J&J Defendants' motion for summary judgment (Dkt. 133) is GRANTED.  The case is referred back to Judge Roemer for further proceedings consistent with the referral order of January 27, 2020 (Dkt. 71).

SO ORDERED.

Dated:      May 28, 2021
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

3